## Good Roads Machinery Company v. Commonwealth.

(Decided February 9, 1912.)

### Appeal from Mercer Circuit Court.

1. **Agency—Single Act of Bringing Buyer and Seller Together— Violation of Anti-trust Statute.**—The mere fact that one who brings a buyer and seller together in a single transaction, though he receives pay therefor, does not thereby become an agent for the seller in other and different matters. No claim is made that there is any evidence of a continuing or even sporadic course of dealing between the parties, on the contrary in this single transaction a commission was paid, for the aid and information given.

2. **Same—Specific Contract.**—It is not the presence or absence of a specific contract of agency or a specific execution of a commission of agency, but the acts and facts proven in each par-

ticular case which determines the existence or non-existence of the agency.

3. Same—Testimony—Complaint Thereof.—The Commonwealth cannot complain of testimony which was put into the record by it.

E. H. GAITHER for appellant.

JAS. BREATHITT, Attorney General, C. H. MORRIS, C. E. RANKIN, C. A. HARDIN and R. W. KEENON for appellee.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

The grand jury of Mercer county, in May, 1910, returned an indictment against the appellant, Good Roads Machinery Company, charging it with the offense denounced by Section 3915 of the Kentucky Statutes, commonly known as the anti-trust statute. Summons which was issued upon the indictment was served upon the George Bohon Company, a corporation in Mercer county, as the agent of the Good Roads Machinery Company. In October, at the term of the Mercer Circuit Court then in session, the Machinery Company failed to appear to answer the indictment; whereupon a jury was impaneled, the formal steps taken, a fine of $1,500.00 imposed, and judgment entered. An execution issued upon this judgment was returned by the sheriff "No property found." The Commonwealth then, in January, 1911, filed this action in the Mercer Circuit Court in the nature of a bill of discovery against the Good Roads Machinery Company. Spencer county was made a garnishee defendant. The principal defendant answered in due course. It made its answer a counter-claim, setting up that the George Bohon Company was not the agent or any officer of the defendant when the process upon the indictment was served upon it as defendant's agent. Proof was taken and a judgment entered dismissing the counter-claim of the appellant company; and subjecting to the demand of the Commonwealth a sum disclosed by the answer of the garnishee defendant, Spencer County, as owing to the appellant company. From that judgment the Good Roads Machinery Company appeals.

It will be seen from the foregoing statement, the entire case turns upon whether, at the time of the service of the process upon the indictment, the Bohon Company was or was not the agent of the Good Roads Machinery Company. It appears from the testimony that in March,

1910, Mercer county was in the market for the purchase of good roads machinery. The George Bohon Company, becoming aware of the fact, on March 12th wrote the Indiana Road Machinery Company, a subsidiary or allied corporation of the appellant, in the following words:

"Please mail us your catalogue and lowest prices on different size rock crushers. This county wants to buy a crusher and we would like to have you send a man here in closing deal."

The man was sent, a sale was made of a rock crusher at $1,000.00, and a commission of $100.00 was paid by the manufacturer to the George Bohon Company. The Bohon Company attended to the delivery of the machinery, the payment of the freight on it and the like. It further appears that it collected from the county the money, and after deducting its commissions, sent the balance on to the Indiana concern. We find in the record no authority for this collection; but since the Road Machinery Company was getting its money it made no question about the collection through the Bohon Company. The officers of the Bohon Company, as well as the Machinery Company, testify that the George Bohon Company was not the Machinery Company's agent; that it did not keep its catalogue; that it could not make prices for it; enter into contracts for it; or have any voice in soliciting business for it or in speaking for it in any transaction. It further affirmatively appears that at the time the Machinery Company had a general State agent in the State, at Louisville, Kentucky, and another agent or so in different sections of the State. It had none in Mercer county; unless the George Bohon Company was its agent.

Now, undoubtedly, under the provisions of Section 147, of the Criminal Code, and Section 51, sub-section 6, of the Civil Code of Practice, service of process upon the indictment might have been made upon the George Bohon Company if it were agent for the appellant, as the latter was in fact engaged in business in Kentucky. Commonwealth v. Bullock, 58 S. W., 429. In support of the service a number of cases are cited by the Commonwealth. We will discuss them and show wherein they differ in the facts from the case at bar.

In Nelson, Morris & Co. v. E. Rehkopf & Sons, 75 S. W., 203, a broker living in Paducah wired to Nelson, Morris & Co., of Chicago, asking their price on hides. The broker was supplied with a quotation, and with this

quotation before him sold the hides to Messrs. Rehkopf & Sons at Paducah. He forwarded the order to Nelson, Morris & Co., who accepted it and filled it. Suit was brought against Nelson, Morris & Company by Rehkopf & Sons, the summons issuing upon the petition being served upon the broker, Bransford Clark, under sub-section 6, of Section 51, of the Civil Code. The service was upheld by this court; but the opinion was specific in remarking that Bransford Clark was the agent "as to this transaction," and further pointed out that the action arose "out of this transaction."

In Worthan, et al. v. Illinois Life Insurance Co., 107 S. W., 176, Mr. Leslie M. Rue, an insurance man of Harrodsburg, in conjunction with an insurance man from Louisville, insured the life of Mrs. Wortham in a company not regularly represented by either of them. Mr. Rue had a commission upon this business. He collected the first three premiums due on the policy. Mrs. Wortham did not pay the fourth premium and died shortly after its due date. Action was brought upon the policy by the beneficiaries named in it. Their claim was that the policy was in force, notwithstanding the failure to pay the premium, because of her alternative right to extended insurance, provided for in the policy, as she had given notice to the company, through Mr. Rue, of her desire to use her accumulations for that particular purpose. This court held that the testimony above outlined about this transaction was sufficient to take the case to the jury upon the question of Rue's agency, as to this matter.

In Boyd Commission Company v. Coates, 69 S. W., 1091, one R. L. Carter was the Clinton, Kentucky, correspondent of the Boyd Commission Company, a brokerage concern of St. Louis. The Commission Company had a private wire into Carter's office, for which he paid them rental. He would transmit over this wire orders obtained by him for the purchase of stocks of various kinds, for which he charged one-fourth of one per cent. commission on all deals made with his customers. The company bought these stocks on the market and divided the commission with Carter. The Commission Company paid all losses incurred on these deals and appropriated all the profits except the commission paid to Carter. In an action arising out of one of these particular transactions service was had upon Carter, under sub-section 6, of Section 51, Civil Code. The court

held that Carter was the agent, and sustained the service. It will be noted that Carter was acting regularly from day to day with a private wire between his own office and that of his principal.

In Johnson v. Westerfield's Admr., 143 Ky., 10, the service was had upon an Indiana owner of a steamboat doing business in Kentucky, by service upon the captain and master of the boat in Kentucky. This court upheld the service, saying that the captain "had entire and complete charge, not only of Johnson's business in Kentucky, but of the particular business that had caused the injury which was the subject of the action."

Now in each of these foregoing cases either the agent was engaged, as in the brokerage case, in a course of employment; or, as in the Nelson, Morris & Co. case, in a single transaction, wherein the court expressly limited the agency to controversies arising out of the particular transaction in which the agent appeared. Not one of these cases goes far enough to hold that the mere fact that one who brings a buyer and seller together in a single transaction, though he receive pay therefor, thereby becomes an agent of the seller in other or different matters. No claim is made that there is any evidence of a continuing or even sporadic course of dealing by the Bohon Company for the appellant company, or that the former had the right so to do for the latter. Upon the contrary, the latter company, in this single transaction, merely paid the Bohon Company a commission for its aid and the information furnished by it. The appellant company was in the habit of so doing with local people who might put it in the way of making sales. Indeed, it appears in the case at bar, in an indirect manner it is true, that a controversy arose between the appellant company and a rival concern of the Bohon Company in Harrodsburg, which claimed to have furnished it the information of the possibility of making the sale. There is no more reason to hold the Bohon Company the agent in other matters than there would be to hold this other concern the agent. As to the particular matter, a different rule might well apply, as was decided in the case of Nelson, Morris & Co. v. Rehkopf & Son supra.

In 19 Cyc., 1328, it is said: "Process must be served upon an agent sustaining such a relation to it that notice to the agent might well be deemed notice to the principal without a violation of the principles of natural

justice.'' The text writer cites as sustaining the rule the opinion of Mr. Justice Field, in St. Clair v. Cox, 106 U. S., 350. It is not the presence or absence of a specific contract of agency or a specific execution of a commission of agency, but the acts and facts proven in each particular case, which determine the existence or non-existence of the agency. Cumberland County v. Lewis, 108 S. W., 347; Wortham v. Illinois Life Insurance Company, supra. In our opinion it would be a violation of the principles of natural justice to hold that the George Bohon Company, under the acts and facts proven as to this single sale, in the manner pointed out, became such an agent of the appellant as that notice to the Bohon Company could well be deemed notice to the appellant. It results that the service of the process upon the indictment, upon the George Bohon Company, was not a service upon the appellant company, and that the service was void. The judgment, therefore, upon the indictment was void and was a proper subject of attack by the counter-claim in the case at bar. It follows that the dismissal of the counter-claim was erroneous. Nor does the fact that the Bohon Company actually sent a copy of the indictment to the appellant company militate against the conclusions reached; for the question is not whether the appellant company had actual notice of the indictment in time to have answered it, but whether the legal notice, the summons upon the indictment, was served upon any representative of the appellant company.

A motion was made in this court to strike from the record a copy of the indictment with its endorsements, the summons thereon and the return upon the summons, separately certified by the clerk of the Mercer Circuit Court as the papers referred to in the answer and counter-claim of the appellant company. The consideration of this motion was passed to the hearing upon the merits. These papers were referred to, but were not incorporated in the answer and counter-claim of the appellant company, nor were copies of them put in the record as exhibits of proof by the appellant company. It results, therefore, that these papers were not so properly made a part of the record as that they can be considered upon the appeal; and the motion should be, and is, sustained. We find, however, that R. W. Keenon, a witness for the Commonwealth, testified in substance that the summons upon the indictment was served on the George Bohon

Company. There was an objection to this testimony by the Good Roads Machinery Company, but the objection was not passed upon by the trial court. The Commonwealth cannot complain of testimony which was put into the record by it. Apart, therefore, from the formal copies sought to be stricken from the record, showing the service of the process upon the indictment upon the George Bohon Company, there was other testimony in the record to establish such service.

For the reasons given the judgment of the trial court is reversed for proceedings consistent herewith.